## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CRYSTAL YAHOLA, Individually and as Personal Representative of the Estate of Toney Esquivel, Deceased,<br><br>        Plaintiff,<br><br>vs.<br><br>COOPER TIRE AND RUBBER COMPANY and ELDORADO MOTORS, INC.,<br><br>        Defendants. | NO. CIV-08-1281-D |

## **O R D E R**

Before the Court is the Motion of Defendant Cooper Tire and Rubber Company to Remand or, Alternatively, Motion to Dismiss [Doc. No. 48]. Defendant seeks remand to the District Court of Logan County, Oklahoma, where this case was originally filed. Subsequent to Defendant's removal of the case to this Court on diversity grounds, Plaintiff filed a Second Amended Complaint in which Eldorado Motors, Inc. ("Eldorado") was added as a defendant; Defendant did not object. Because the parties agree that Plaintiff and Eldorado are both citizens and residents of Oklahoma, diversity jurisdiction no longer exists, and Defendant seeks remand pursuant to 28 U. S. C. § 1447(e). In the alternative, it seeks dismissal pursuant to Fed. R. Civ. P. 19 and the abstention doctrine set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817 (1976).

In response to the Motion, Plaintiff agrees that the addition of Eldorado destroys diversity

jurisdiction and does not object to the request to remand.[1]  She contends that dismissal is inappropriate.

Pursuant to Fed. R. Civ. P. 28 U. S. C. § 1447(e), where a non-diverse party has been added by amendment, the Court may remand the action.  *See McPhail v. Deere & Co.*529 F. 3d 947, 951 (10th Cir. 2008); *Brewer v. United Parcel Service, Inc.*, 2005 WL 3277774, at *3 (10th Cir. Dec. 2, 2005).  Having considered the parties' arguments and the applicable law, the Court concludes that the Motion to Remand [Doc. No. 48] should be, and is, GRANTED.  Accordingly, the Court need not address Defendant's alternative argument.

IT IS SO ORDERED this  21st   day of August, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff states that she prefers that the case remain in this Court, she expressly agrees that subject matter jurisdiction has been destroyed.  *See* Response [Doc. No. 49] at ¶ 10.